11-3175-ag
Sherpa v. Holder

BIA
Elstein, IJ
A097 849 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand twelve.

PRESENT:
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
    RAYMOND J. LOHIER, Jr.,
        *Circuit Judges.*

_____

RINJI SHERPA,
        *Petitioner,*

        v.                                          11-3175-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Julie Mullaney, Mount Kisco, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Christopher C. Fuller,
                         Deputy Chief; Alison Marie Igoe,
                         Senior Counsel for National
                         Security, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rinji Sherpa, a native and citizen of Nepal, seeks review of a July 11, 2011, order of the BIA, affirming a September 9, 2009, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rinji Sherpa*, No. A097 849 206 (B.I.A. July 11, 2011), *aff'g* No. A097 849 206 (Immig. Ct. N.Y. City Sept. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. See *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In addition to the statutory requirement that petitioners exhaust each category of relief they seek, 8 U.S.C. § 1252(d)(1), we require petitioners to raise

2

specific issues with the BIA that are later raised in this Court.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). This issue exhaustion requirement is "mandatory," and where, as here, "the government points out . . . that an issue . . . was not properly raised below, the court must decline to consider that issue," absent an extraordinary situation. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52-53 (2d Cir. 2004)).

Sherpa failed to exhaust his challenges to the IJ's adverse credibility determination before the BIA.  Indeed, the BIA explicitly noted that Sherpa failed to identify any factual or legal errors in the IJ's adverse credibility determination or even mention credibility on appeal, and Sherpa does not challenge this finding in his brief to this Court.  While we *may* consider an issue addressed by the BIA that was not raised by an applicant in the course of an appeal, *see Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993), we decline to do so here, as excusing Sherpa's failure to exhaust would not serve one of the central purposes of issue exhaustion, which is to give "the agency responsible for construing and applying the immigration laws

and implementing regulations . . . a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court." *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004). *See also Lin Zhong*, 480 F.3d at 122 (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

Given that Sherpa's asylum, withholding of removal, and CAT claims shared the same factual predicate, Sherpa has not shown that the agency erred in finding him ineligible for relief due to his lack of credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Moreover, because the IJ's adverse credibility determination is dispositive of Sherpa's petition for review, we decline to consider his challenge to the agency's alternative basis for denial. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4